UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| GUS WHO MARSHALL, | Case No. 3:24-cv-00196-AR |
| Plaintiff, | **ORDER TO AMEND** |
| v. | |
| STATE OF CALIFORNIA, UNITED STATES GOVERNMENT, VALLEY WATER, *a State owned company*, and TOWN OF LOS GATOS, | |
| Defendants. | |

**ARMISTEAD, Magistrate Judge**

      Plaintiff Gus Who Marshall, proceeding under a pseudonym and representing himself, filed this lawsuit on January 29, 2024, alleging unspecified claims against defendants the State of California, the United States Government, Valley Water, and the Town of Los Gatos. (Compl., ECF No. 1). As explained below, Marshall's complaint is deficient, and for this lawsuit to go

Page 1  – ORDER TO AMEND

forward, he must timely file an amended complaint that corrects the deficiencies identified in this order.

## BACKGROUND

In the complaint, Marshall alleges that his brother lives in the Town of Los Gatos in a home that backs up to an easement owned by PG&E. The easement is used by at least three people, including Marshall, for gardening and growing plants. Marshall contends that the land behind his brother's home is sloped and floods easily, and that he maintains the easement area to ensure his brother's home and neighboring homes do not suffer water damage. Marshall contends that he was raking debris in the easement in January 2023 when he was stopped by a Valley Water employee who informed him that the land is owned by Valley Water. Valley Water has sent several legal notices to his brother and other neighbors claiming that it owns the land, not PG&E. The legal notices have strained the relationship between Marshall and his brother. Although Marshall has stayed with his brother periodically, he is not a resident of California and "claims no residency to any state." Marshall further alleges that he has challenged a pedestrian walkway and community garden project proposed by the Town of Los Gatos to be constructed near the easement because the proposed walkway will be unsafe for children. Marshall asserts that the State of California knew that he was about to commence this lawsuit when the San Jose Police Department issued a warrant for his arrest. (Compl., ECF No. 1.)

Attached to the complaint are four letters from Valley Water that appear to be addressed to Marshall's brother. The letters recite Ordinance violations from Valley Water stating that PG&E owns the property adjacent to the home, Valley Water has an easement over PG&E's land for a water supply pipeline, and that the plants, planters, rocks, and other items in the easement

behind plaintiff's brother's home are preventing Valley Water from inspecting and maintaining the pipeline. (*Id.* at 13-17.)

In this lawsuit, Marshall does not describe specific causes of action and does not allege money damages. Instead, he requests: (1) an order requiring the State of California to stop harassing him and his brother; (2) an order that stops the Town of Los Gatos from building a walkway on the easement; (3) an investigation into Valley Water's "land grab" of PG&E's easement; and (4) an order requiring that the State of California and the FBI give him a fair trial in federal court on his arrest warrant. In the Civil Cover Sheet filed with his complaint, Marshall asserts the basis of the court's jurisdiction is diversity of citizenship and federal question, and mentions the Racketeer Influenced and Corrupt Organizations Act (RICO) and § 1443 without further detail.

Marshall also filed an application to proceed with is lawsuit without paying the filing fees (*in forma pauperis*), which remains pending. (ECF No. 2 (App. for Leave to Proceed IFP).)

## LEGAL STANDARD

When a complaint is filed by a plaintiff proceeding *in forma pauperis*, the court must dismiss a case if at any time it determines that the complaint is: (1) "frivolous or malicious"; (2) "fails to state a claim on which relief may be granted"; or (3) "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Courts perform a preliminary screening to determine whether complaints brought by self-represented litigants and litigants proceeding *in forma pauperi*s raise cognizable claims. *See, e.g.*, *O'Neal v. Price*, 531 F.3d 1146, 1151 (9th Cir. 2008) ("After a prisoner applies for *in forma pauperis* status and lodges a complaint with the district court, the district court screens the complaint and determines

whether it contains cognizable claims. If not, the district court must dismiss the complaint.");
*Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) (noting that "section 1915(e) applies to all *in forma pauperis* complaints, not just those filed by prisoners"). The court's screening orders apply the same standard as that applied to a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss. *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). A complaint under Rule 12(b)(6) must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). "Dismissal is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him to relief." *Watison*, 668 F.3d at 1112.

## DISCUSSION

### A.     *Subject Matter Jurisdiction*

The United States Constitution and federal law allow only certain kinds of cases in federal court. That limited authority of a federal court is known as its **subject matter jurisdiction**, and, if a federal court does not have subject matter jurisdiction for a case, the court must dismiss it (in other words, put the case out of its consideration). *See Adkison v. C.I.R.*, 592 F.3d 1050, 1055 (9th Cir. 2010) (subject matter jurisdiction "refers to a tribunal's power to hear a case"). The two kinds of cases for which a federal court has jurisdiction are (1) "federal question" cases and (2) "diversity of citizenship" cases. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). This limited jurisdiction is different from Oregon circuit courts and California superior courts, which have subject matter jurisdiction over all actions unless a statute or law divests them of jurisdiction. *Owen v. City of Portland*, 368 Or. 661, 684 (2021) ("Oregon circuit courts 'ha[ve] general jurisdiction, to be defined, limited, and regulated by law

in accordance with th[e Oregon] Constitution.' Or. Const, Art VII (Original), § 1."); *Quigley v. Garden Valley Fire Protection Dist.*, 444 P.3d 688, 694 (Cal. 2019) ("California's superior courts are courts of general jurisdiction, which means they are generally empowered to resolve the legal disputes that are brought to them." (citing Cal. Const., art. VI, §§ 1, 10)).

To establish **federal question jurisdiction**, a plaintiff must plead that defendants have violated a **federal constitutional** or **statutory provision**. 28 U.S.C. § 1331; *In re Ford Motor Co./Citibank (S.D.), N.A.*, 264 F.3d 952, 957 (9th Cir. 2001) (The "party asserting federal jurisdiction bears the burden of proving the case is properly in federal court."). Marshall alleges that the State of California has issued an arrest warrant, that Valley Water is harassing him by enforcing an Ordinance, and that the Town of Los Gatos is engaged in a "land grab" by proposing a walkway. None of these alleged actions appear to involve a federal question. Although Marshall identifies RICO and § 1443 generally, he has not identified what particular RICO provision under which he is purporting to bring his claim, has not identified facts to support a RICO claim, and has not identified § 1443 with more specificity. Thus, it is not clear to the court that any of the allegations in his complaint is a federal question, or in other words, violates federal law or the United States Constitution.

To establish **diversity jurisdiction**, a plaintiff must plausibly allege that **damages are more than $75,000, that he is a citizen of one state, and that all the defendants are citizens of other states**. 28 U.S.C. § 1332(a). Despite stating that he has no state of residency, Marshall provides a California address for himself and defendants include the State of California and two California local governmental entities. Because Marshall and three defendants appear to be citizens of California, he has not alleged that he and defendants are of diverse citizenship. The

complaint also does not request any money damages and seeks primarily injunctive relief. Because Marshall has not alleged any money damages, he has not alleged that his damages exceed the $75,000 jurisdictional amount. Thus, the court lacks diversity jurisdiction over this action.

Should Marshall choose to file an amended complaint, he **must establish either federal question or diversity jurisdiction**. Otherwise, the court will recommend dismissing this lawsuit.

**B.**     *Venue*

A federal district court also may not decide the merits of a lawsuit if the court is not a proper venue. *Piedmont Label Co. v. Sun Garden Packing Co.*, 598 F.2d 491, 496 (9th Cir. 1979). Venue of civil actions is governed by the general federal venue statute, 29 U.S.C. § 1391. *Day v. Orrick, Herrington & Sutcliffe, LLP*, 42 F.4th 1131, 1140 (9th Cir. 2022). Under that statute, a plaintiff may bring a civil action in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

29 U.S.C. § 1391(b).

The events giving rise Marshall's claims occurred in California, involve California state and local governmental entities, and Marshall provides a California address. Based on the allegations, venue is not proper in the District of Oregon. Instead, venue is likely proper in the

Northern District of California or a California state court. Marshall must therefore amend his complaint to allege facts showing that venue is proper in this district if he wishes to proceed here with his lawsuit.

C.    *Sufficiency of the Complaint*

A complaint must contain (1) a short and plain statement of the grounds for the court's jurisdiction, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought. FED. R. CIV. P. 8(a). Rule 8 "does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). When reviewing the sufficiency of a complaint filed by a self-represented plaintiff, the court liberally construes the pleadings and accepts as true the factual allegations contained in the complaint. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rather, stating a claim requires the plaintiff to plead factual content that permits the court to draw the reasonable inference that the defendant is liable for the alleged misconduct. *Id.*

Marshall's complaint fails to satisfy Rule 8. Although Marshall identifies RICO as a basis for the court's jurisdiction, the complaint fails to provide a short and plain statement of relief. The complaint fails to allege specific underlying facts describing what actions the State of California, the U.S. Government, Valley Water, and the Town of Los Gatos did or failed to do that allegedly violated any specific provision of RICO or any other statute. Thus, it is unclear

what legal theory and factual support for that theory that Marshall is attempting to advance. Marshall's complaint also mentions § 1443. However, it is unclear to which statute he is referring, and he fails to allege any specific facts linking that statute to each defendant. It is thus unclear what specific claims or legal theories he is trying to allege.

### D.     *Other Issues*

Marshall seeks to bring this case as a class action, pursing claims for his brother and other Los Gatos residents. Marshall is not an attorney. While he may represent himself in federal court, 28 U.S.C. § 1654, a non-attorney plaintiff may not pursue claims on behalf of other people. *McShane v. United States*, 366 F.2d 286, 288 (9th Cir. 1966); *Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008). Should Marshall choose to file an amended complaint, he may not pursue a class action or an action on his brother's behalf.

A party is permitted to pursue claims under a pseudonym only with the court's permission and where there are exceptional or unusual circumstances warranting anonymity, such as a risk of injury or harassment. *United States v. Doe*, 488 F.3d at 1154, 1156 n.1 (9th Cir. 2007). If Marshall wants to continue this lawsuit using a pseudonym, he must file a motion demonstrating that exceptional or unusual circumstances exist in this case.

Under the Eleventh Amendment, Marshall's lawsuit against the federal government and the State of California are barred by the doctrine of sovereign immunity. *United States v. Mitchell*, 463 U.S. 206, 212(1983) (holding that absent a waiver, sovereign immunity shields the federal government from suit); *College Sav. Bank v. Florida Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 669 (1999) (holding states are immune from suit in federal court under the Eleventh Amendment). Marshall has not alleged that the U.S. Government and the

State of California have waived their Eleventh Amendment immunity, or that they have consented to be sued. Marshall must exclude the State of California and the U.S. Government as defendants or demonstrate that sovereign immunity has been waived if he files an amended complaint.

Self-represented litigants are "entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Garity v. APWU Nat'l Labor Org.*, 828 F.3d 848, 854 (9th Cir. 2016) (per curiam)). As currently pleaded, the complaint fails to establish that this court has subject matter jurisdiction over Marshall's lawsuit or that venue is proper in this court. Should Marshall choose to file an amended complaint, he must include enough factual allegations to establish this court has federal question or diversity subject matter jurisdiction, that venue is proper in Oregon, and identify causes of actions with sufficient factual detail to describe how any properly named defendant could be liable for any misconduct. Marshall is cautioned that he may not pursue claims on behalf of others, and that if he chooses to proceed anonymously, he must obtain the court's permission and demonstrate exceptional circumstances.

\\\\\

\\\\\

\\\\\

\\\\\

\\\\\

\\\\\

\\\\\

\\\\\

Page 9 – ORDER TO AMEND

## CONCLUSION

For Marshall to proceed further, he must file an **AMENDED COMPLAINT** that provides enough factual detail to support this court's jurisdiction and that this court is the proper venue. Marshall must file the Amended Complaint within 30 days of the date of this ORDER—which is **March 7, 2024**. Failure to respond to this Order by March 7, 2024, may mean that the court will recommend dismissing this case. The court DEFERS ruling on his application to proceed *in forma pauperis* (ECF No. 2).

DATED: February 7, 2024.

_____
JEFF ARMISTEAD
United States Magistrate Judge